UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ALVIN LU,

                Petitioner,                  NOT FOR PUBLICATION
                                                         **ORDER**
        -against-                          12-CV-5307 (CBA)

FRANK STRADA,

                Respondent.
----------------------------------------------------------x

AMON, Chief United States District Judge.

      Pro se petitioner Alvin Lu, currently incarcerated at the Metropolitan Detention Center in Brooklyn, NY, seeks a writ of habeas corpus for immediate release from confinement. Lu claims that he was unfairly denied the opportunity to be released to a halfway house, or Residential Reentry Center ("RRC"), in October 2012 and seeks immediate release to home confinement as an equitable remedy. Lu is currently approved to be released to home confinement on November 27, 2012. (Rivers Decl. ¶ 5.) Lu's projected good time release date is December 31, 2012, and his full term release date is February 16, 2013. (Rivers Decl., Ex. 1; Pet. Decl., Ex.1.)

      Lu concedes that he failed to exhaust administrative remedies pursuant to 28 C.F.R. §§ 542.10-.19. Pet. Decl. ¶ 18; *see Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) ("[F]ederal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief."). Lu argues, however, that administrative exhaustion would be futile (and thus failure to exhaust should be excused) because going through the Bureau of Prison's ("BOP's") administrative review process would render his claim moot. The Government responds that Lu has not provided any basis from which to argue that the BOP could not resolve his claim expeditiously. Considering that Lu's claim will become moot upon his release to home

1

confinement on November 27, the Court will excuse the failure to exhaust and look to the merits of Lu's claim. *E.g.*, *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 317 (D. Conn. 2009) (excusing petitioner's failure to exhaust administrative remedies due to "the near certainty that forcing her to pursue administrative remedies will render this case moot").

On the merits, Lu has failed to establish any entitlement to relief. The place of a federal prisoner's confinement is committed to the discretion of the Attorney General and Bureau of Prisons ("BOP"), *e.g.*, *Bennett v. Terrell*, No. 10-CV-1029 ENV/LB, 2010 WL 1170134, at *1 (E.D.N.Y. Mar. 24, 2010), which discretion is guided by five factors enumerated in 18 U.S.C. § 3621(b). Lu has not demonstrated that the BOP failed to consider the appropriate factors in determining that he should be released directly to home confinement rather than be released to an RRC prior to the date of his home confinement release.

For the reasons set forth above, Lu's petition is denied. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. The Clerk of Court is directed to enter judgment dismissing the petition and close this case.

SO ORDERED.

_____/s/_____
CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
       November 26, 2012